UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BARNABAS A. YOHANNES,

Plaintiff,

v.

MINNESOTA IT SERVICES ("MNIT"),

Defendant.

Case No. 21-CV-0620 (PJS/KMM)

ORDER

Barnabas A. Yohannes, pro se.

Alexander Hsu, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, for defendant.

Plaintiff Barnabas Yohannes alleges that his employer, defendant Minnesota IT Services ("MNIT"), harassed and discriminated against him on the basis of his race, color, and national origin, and retaliated against him for past complaints of discrimination. MNIT filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), and the Court held a hearing on that motion on July 14, 2021. For the reasons stated on the record at that hearing and briefly summarized below, MNIT's motion is granted in part and denied in part. Yohannes may go forward with his claims that he was discriminated against on the basis of his race and national origin when he was denied the opportunity to apply for a promotion in the spring of 2020 and when he was denied a timely annual review in 2021. All of Yohannes's other claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

Yohannes has been employed by MNIT in various capacities for more than 14 years. ECF No. 1 ¶ 13. He alleges that, during those 14 years, he has suffered various forms of discrimination, harassment, and retaliation.

For the reasons that the Court explained on the record at the July 14, 2021 hearing, all of Yohannes's claims based on allegedly unlawful employment practices that occurred prior to April 22, 2020 must be dismissed as untimely. *See* 42 U.S.C. § 2000e-5(e)(1); *D.W. v. Radisson Plaza Hotel Rochester*, 958 F. Supp. 1368, 1373–74 (D. Minn. 1997); ECF No. 12-1 at 3. Accordingly, many of the events alleged to have occurred prior to that date are omitted from the following account of the relevant facts:

Yohannes immigrated to the United States from Eritrea. ECF No. 1 ¶ 11. He began working for MNIT in 2006 as an Information Technology Specialist 3 ("ITS3") assigned to the Minnesota Pollution Control Agency, where he worked for almost ten years. *Id.* ¶ 13. He was then transferred to the Minnesota Department of Transportation, where he worked as an ITS4 for about six months before his employment was terminated. *See id.* ¶¶ 13, 91–191. Yohannes filed two administrative charges with the Equal Employment Opportunity Commission ("EEOC") following his termination—one in March and the other in November of 2017.[1] *Id.* ¶ 193; ECF No. 12-1

---

[1]MNIT received notice of Yohannes's November 2017 charge, but states that it has no record of being notified of his March 2017 charge. ECF No. 11 at 4 n.4.

at 1. Yohannes received notice of his right to sue following both charges, but did not file suit. ECF No. 1 ¶ 194; ECF No. 12-1 at 2. In February 2019, Yohannes was rehired by MNIT as an ITS4 for the Office of Higher Education ("OHE").[2] The employee he was hired to replace was an ITS5. ECF No. 1 ¶ 226. Yohannes is currently the only ITS4 and the only African American in his department. *See id.* ¶ 258.[3]

In his complaint, Yohannes alleges—and the Court must accept as true for purposes of ruling on MNIT's motion—that he is extraordinarily talented at his job. Yohannes can perform all of the tasks that his ITS5 coworkers can perform, and he also has skills that his ITS5 coworkers lack. For example, Yohannes is an expert on certain "legacy applications," and he is periodically called upon to train his coworkers. *Id.* ¶¶ 252, 258–59, 267–68. Yohannes further alleges that he is routinely denied appropriate resources, such as access to certain databases. *See id.* ¶¶ 261–266.

In February 2020, OHE had an opening for an ITS5. *Id.* ¶ 253. Yohannes asked his supervisor, Rich Westgard, for the identification number for the job posting. *Id.* ¶ 255. Westgard supplied a number, but Yohannes could not find the posting.

---

[2]The complaint is ambiguous as to whether Yohannes started at OHE in February 2018 or February 2019. *Compare*, ECF No. 1 ¶ 13, *with id.* ¶ 222. Yohannes clarified at the July 14, 2021 hearing that the correct date is February 2019.

[3]Although not specifically alleged in the complaint, Yohannes stated in his briefing and at the hearing that he is the only African-American employee at OHE, that he is the only employee in his five-person department who is not an ITS5, and that as an ITS4, he is paid less than his ITS5 coworkers. *See* ECF No. 17 at 22; ECF No. 22 at 17–18.

Yohannes contacted Westgard again and explained that he was unable to apply for the position using the number provided, but Westgard never responded. *Id.* Shortly thereafter, in May 2020, a "Caucasian American" named Stephen Walter was hired for the open ITS5 position. *Id.* ¶ 256. Yohannes alleges that he was denied the opportunity to apply because of his race. *See id.* ¶ 269.

Although Yohannes has been at OHE for several years and although he is more talented than any of his ITS5 coworkers, Yohannes alone has not been promoted to ITS5. Yohannes explains that he intends to ask for a promotion at his 2021 annual review. In preparation for that review, Yohannes documented his concerns that his current ITS4 position description does not match the work that he does on a day-to-day basis, given that he is already doing the work of an ITS5. *Id.* ¶ 270. Westgard has rescheduled Yohannes's annual review five times, and Yohannes alleges that Westgard is intentionally delaying the review in order to avoid having to promote him. *See id.* ¶ 271.

Yohannes filed his third administrative charge with the EEOC on February 16, 2021. ECF No. 12-1 at 3. Yohannes checked three boxes on the charge form: one for race discrimination, one for national-origin discrimination, and one for retaliation. *Id.* Yohannes also provided the following narrative description of his claims:

> I believe [MNIT] subjected me to differential treatment when I was held to different standards than employees outside my

> protected classes and was denied advancement opportunities. I complained about employment discrimination and believe I was retaliated against for prior complaints.
>
> I believe I have been discriminated against on the basis of my race, black; national origin, Eritrea; and retaliated against for participating in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id*. The EEOC issued a right-to-sue letter on February 24, 2021, and Yohannes filed this lawsuit one week later. ECF No. 12-1 at 8; ECF No. 1. In his complaint, Yohannes alleges that he has been discriminated against and harassed on the basis of his race, color, and national origin, and that he has been retaliated against for his past complaints of discrimination, all in violation of 42 U.S.C. §§ 2000e et seq. ("Title VII").

## II. ANALYSIS

### *A. Standard of Review*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555. In assessing the sufficiency of the complaint, the Court need not consider legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678–79. The Court must, however, accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012).

*B. Color Discrimination & Harassment Claims*

Before filing suit, a Title VII claimant must first exhaust his administrative remedies with respect to each allegedly unlawful employment practice by filing an administrative charge and receiving notice of his right to sue. *See* 42 U.S.C. § 2000e-5(b), (e), (f); *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850–51 (8th Cir. 2012) (per curiam). MNIT argues that Yohannes's claims for color discrimination and harassment must be dismissed because they were not mentioned in his EEOC charge, and thus are not administratively exhausted. The Court agrees.

As the Court explained during the July 14, 2021 hearing, Yohannes does not allege color discrimination in his EEOC charge.[4] *See* ECF No. 12-1 at 3; *Jackson v. Minn. Dep't of Hum. Servs.*, No. 20-CV-0749 (ECT/TNL), 2021 WL 1111075, at *6 (D. Minn. Mar. 23, 2021) (noting that "numerous courts have held that a plaintiff who only alleges

[4] *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) ("[A]n EEOC charge is a part of the public record and may be considered on a motion to dismiss.").

race discrimination in an EEOC charge has not exhausted a claim for color discrimination" and collecting cases). Nor does Yohannes's EEOC charge allege that he was subject to harassment. *See Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 672–73 (8th Cir. 1994) (discrimination claim in administrative charge was not sufficient to exhaust harassment claim); *Truong v. UTC Aerospace Sys.*, No. 18-CV-0941 (PJS/BRT), 2020 WL 2441404, at *6 (D. Minn. Jan 27, 2020) (same), *report and recommendation adopted*, 2020 WL 1164590 (D. Minn. Mar. 11, 2020), *aff'd*, 831 F. App'x 229 (8th Cir. 2020) (per curiam). Accordingly, these claims are dismissed without prejudice for failure to exhaust administrative remedies.[5]

*C. Retaliation*

---

[5]Even if Yohannes had administratively exhausted these claims, the Court would dismiss them as inadequately pleaded. Yohannes's complaint does not "plausibly link any discrimination to the 'particular hue of h[is] skin'" (as opposed to his race). *Jackson*, 2021 WL 1111075, at *7 (quoting *Williams v. Alhambra Sch. Dist. No. 68*, 234 F. Supp. 3d 971, 981 (D. Ariz. 2017)). And as Yohannes conceded at the July 14, 2021 hearing, his only allegation of harassment that is not time-barred is that he was denied database access. This allegation, standing alone, is insufficient to plausibly allege a Title VII violation. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (to be actionable under Title VII, harassment "must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment'" (citation omitted)); *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 538–39 (8th Cir. 2020) (describing "reprehensible and improper" conduct that does not meet the "high bar for conduct to be sufficiently severe or pervasive in order to trigger a Title VII violation").

To establish a prima facie case of retaliation, Yohannes must show that (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the two. *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 372 (8th Cir. 2017). Here, the only alleged adverse employment actions that are not time-barred are: (1) denial of the opportunity to apply for an open ITS5 position that was subsequently given to Stephen Walter and (2) delay or denial of an evaluation for a promotion, which will take place at Yohannes's annual review. The only "protected activity" Yohannes alleges is filing charges with the EEOC in 2017. Yohannes has not alleged—plausibly or otherwise—that MNIT (1) failed to hire him for Walter's position in May 2020 or (2) denied him a timely annual review in 2021 *because* of the two EEOC charges he filed in 2017 (more than a year before he was hired at OHE).[6] Rather, all of the adverse consequences that Yohannes alleges he suffered in retaliation for his 2017 EEOC charges occurred prior to April 22, 2020. *See* ECF No. 1 ¶¶ 204–219. Accordingly, Yohannes's retaliation claim is dismissed with prejudice.

*D. Race & National Origin Discrimination*

---

[6]*See Blomker v. Jewell*, 831 F.3d 1051, 1059 (8th Cir. 2016) (affirming dismissal of retaliation claim because plaintiff "failed to plausibly allege that the retaliation was a 'but-for' cause of [the Department's] adverse action" (citation and quotation marks omitted)); *see also Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (although a plaintiff need not establish a prima facie case at the pleading stage, "[t]he allegations in a complaint must give *plausible support* to the reduced prima facie requirements that arise under *McDonnell Douglas*") (citation and quotation marks omitted).

"To establish a prima facie case of discrimination, a plaintiff must show (1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination." *Pye v. NuAire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011). Under the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Instead, the allegations in the complaint need only "give *plausible support* to the reduced prima facie requirements that arise under *McDonnell Douglas*, which in turn reduces the facts needed to be *pleaded* under *Iqbal*." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (citations and quotation marks omitted); *see also Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020) (courts must construe "pro-se filings liberally").

Yohannes has plausibly alleged that he is a member of two protected classes and that he is exceptionally skilled at his job—more skilled than his ITS5 colleagues. He has further alleged that he was prevented from applying for a promotion to ITS5, and that his annual review—at which he will be evaluated for such a promotion—has been repeatedly delayed. Finally, Yohannes has alleged that he is both the only African American and the only ITS4 at OHE, and that he was prevented from applying for an

open ITS5 position that was subsequently given to a "Caucasian American." These factual allegations are sufficient to survive MNIT's Rule 12(b)(6) motion.

*E. Insufficient Service of Process*

MNIT has also moved to dismiss the complaint pursuant to Rule 12(b)(5) for insufficient service of process. MNIT cites to Rule 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Yohannes filed his complaint on March 3, 2021, and thus his 90-day window to serve MNIT closed on June 1, 2021. *See* ECF No. 1. Yohannes has attempted to serve MNIT on several occasions, but as the Court explained at the July 14, 2021 hearing, none of his efforts have complied with the Federal Rules of Civil Procedure.

The Court finds, however, that Yohannes has established "good cause" for the failure and therefore, pursuant to Rule 4(m), the Court extends the time for service to September 9, 2021. *See Kurka v. Iowa County*, 628 F.3d 953, 957 (8th Cir. 2010) ("'[G]ood cause is likely (but not always) to be found when . . . the plaintiff is proceeding pro se or in forma pauperis.'" (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal*

*Practice and Procedure* § 1137 (3d ed. 2002))). In order to proceed with this lawsuit, Yohannes must serve MNIT by delivering a copy of the summons and complaint to (1) MNIT's chief executive officer or (2) the attorney general, a deputy attorney general, or an assistant attorney general. Fed. R. Civ. P. 4(j)(2); Minn. R. Civ. P. 4.03(d). Yohannes must arrange for someone else to physically deliver the summons and complaint; he cannot deliver them himself, and he cannot effect service through mail or email.[7] If Yohannes fails to effectively serve MNIT by September 9, 2021, the remainder of this lawsuit will be dismissed pursuant to Rule 4(m) without further notice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss [ECF No. 8] is GRANTED IN PART AND DENIED IN PART AS FOLLOWS:

   a. The motion is GRANTED with respect to all claims based on allegedly unlawful employment practices that occurred prior to April 22, 2020, and those claims are DISMISSED WITH PREJUDICE.

---

[7] *See* Fed. R. Civ. P. 4(c)(2); Minn. R. Civ. P. 4.02; *Tran v. Minn. Dep't of Transp.*, No. 06-CV-0108 (DSD/JJG), 2006 WL 2917037, at *4 (D. Minn. Oct. 11, 2006), *aff'd*, 259 F. App'x 901 (8th Cir. 2008) (per curiam); *Melillo v. Heitland*, 880 N.W.2d 862 (Minn. 2016).

b. The motion is GRANTED with respect to plaintiff's harassment and color-discrimination claims, and those claims are DISMISSED WITHOUT PREJUDICE.

c. The motion is GRANTED with respect to plaintiff's retaliation claim, and that claim is DISMISSED WITH PREJUDICE.

d. The motion is DENIED in all other respects.

2. Plaintiff is ordered to properly serve defendant and file proof of service no later than September 9, 2021. If plaintiff fails to do so, this action will be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) without further notice.

Dated: August 10, 2021

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge